CHARLES H. SMITH, respondent,.

*v.*

JACOB WIGLER, appellant.

[Submitted March 24th, 1908.   Decided June 15th, 1908.]

Smith was defendant in a criminal cause.  His brother, the complainant, to procure his release, induced Wigler to become surety on the recognizance, and as part indemnity for this suretyship assigned a bond and mortgage to Wigler.  The recognizance was subsequently forfeited for the non-appearance of Smith before the federal court.  The complainant then demanded an assignment of the bond and mortgage, claiming that the indemnity was limited to the appearance of Smith before the committing magistrate.—*Held*, that the testimony in the case and the circumstances attending the transaction satisfactorily indicate that the undertaking of indemnity was not limited to the preliminary hearing, but extended to the appearance of Smith before the federal court, and that the relief sought should therefore be denied.

On appeal from the decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported in *7½ N. J. Eq. (2 Buch.) 559.*

*Mr. Frank H. Bradner,* for the respondent.

*Messrs. Hood & Hood,* for the appellant.

The opinion of the court was delivered by

MINTURN, J.

On August 17th, 1903, Edmund J. Smith was in the custody of the United States marshal upon a criminal complaint and was seeking bail. He was taken by the marshal to the office of one Simon, who sent for the defendant, Wigler, a stranger to Smith, and an arrangement was there entered into by which Wigler was to become one of two sureties upon Smith's bail bond of $2,500, upon condition that Wigler would be indemnified. This indemnity was given by Albridge C. Smith and Charles H. Smith, brothers of Edmund J. Smith, in the form of a bond and mortgage for $800, held by Charles H. Smith as mortgagee, and the promissory note of Albridge C. Smith for $450. Wigler became bail with one Hargraves in accordance with this agreement and Smith was released upon the recognizance, to appear before the United States commissioner on August 27th. The promissory note to Wigler reads as follows:

"NEWARK, N. J., Aug. 18th, 1903.

"In consideration of Jacob Wigler becoming surety for the appearance of Edmund J. Smith to answer a charge made against him on behalf of the Merchants National Bank of Newark, N. J. before S. Howell Jones, U. S. Commissioner, I hereby agree to pay to him any loss he may suffer or incur by reason of being such surety, to the amount of $450., if the said Edmund J. Smith shall neglect or refuse to appear in compliance with his recognizance.

"(Signed)   ALBRIDGE C. SMITH."

Edmund J. Smith appeared before the commissioner on August 27th. An examination took place, as a result of which Smith was held to appear before the federal court, and Wigler and Hargraves renewed their recognizance for his appearance. Smith failed to appear; the recognizance was forfeited and judgment therein entered against Wigler and Hargraves. A bill was thereafter filed in the court of chancery by Charles H. Smith to compel a reassignment of the bond and mortgage by Wigler to him upon the ground that the condition of the indemnity had been satisfied by the appearance of his brother Edmund before the commissioner, which, as he alleges, was the only condition in-

cident to the indemnity. Wigler, however, refuses to surrender the security upon the ground that the agreement of indemnity required him to continue his bail to answer for the appearance of Smith before the federal court and that his action in the matter corresponded with that understanding. The learned vice-chancellor found in favor of the complainant's view, and from the decree entered upon that decision this appeal was taken.

Our view of the case differs from that of the learned vice-chancellor for the reason, among others, that we cannot give to the promissory note of the brother Albridge Smith the weight and importance that the learned vice-chancellor attaches to it. It is open to the construction attempted to be put upon it by either party to the cause, and in either view it is decidedly ambiguous and of no great evidential value in the determination of this controversy. Albridge Smith's testimony is contradicted by Wigler and Wigler is supported by the testimony of the marshal and by that of Simon. Mr. Trimble's testimony also, although based only upon the best of his recollection, is not without weight in support of Wigler's contention.

The circumstances that both the complainant and his brother Albridge were present at the commissioner's office when the original bail was given for the subsequent hearing before the commissioner and their absence from that hearing, are indicative of a quiescent state of mind upon their part relative to the extent of this indemnity and the safety of complainant from apprehension, which lends color and strength in our judgment to the defendant's contention.

For these reasons we conclude that the decree advised by the learned vice-chancellor should be reversed, with costs.

*For affirmance*—SWAYZE, VROOM, GRAY—3.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GREEN, DILL—13.